UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD B. FISCHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV01798 ERW |
| | ) | |
| J. SAM STEWARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant's Motion for Summary Judgment [doc. #14] pursuant to Federal Rule of Civil Procedure 56(b).

I.   **BACKGROUND**

A nineteen year old woman alleged that Richard Brian Fischer ("Plaintiff") sexually assaulted her in the morning of July 25, 2004. The assault allegedly occurred while Plaintiff was on duty as a police officer serving the City of St. Charles. The Missouri Highway Patrol investigated these allegations, and in response to these allegations, Rachel A. Smith ("Defendant") was named Special Prosecutor to act in lieu of the Prosecutor of St. Charles County on August 26, 2004. DNA testing exonerated Plaintiff, and on October 28, 2005 the judge assigned to Plaintiff's criminal case signed a Nolle Prosequi memorandum.

Plaintiff filed this claim under 42 U.S.C. §1983 on October 22, 02007, and seeks to recover from several individuals and government entities. Plaintiff's claims against Defendant allege malicious prosecution, malicious seizure, conspiracy, concealment of evidence of innocence, and the deprivation of Plaintiff's Fourth and Fourteenth Amendment rights.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**II.  DISCUSSION**

Defendant filed the pending Motion and seeks summary judgment on Plaintiff's claims against her.  Defendant claims that she is entitled to absolute immunity.  In response, Plaintiff relies upon Fed. R. Civ. P. 56(f), and requests a continuance to engage in further discovery.  Plaintiff claims that Defendant was involved in, and directed, both the criminal investigation and the internal affairs investigation and that Defendant is not entitled to immunity for any misconduct during the investigation.  However, Plaintiff states that he needs time to conduct discovery in order to present sufficient evidence of Defendant's misconduct during the investigation to defeat Defendant's Motion for Summary Judgment.

"Rule 56(c) mandates the entry of summary judgement, after *adequate time for discovery* and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Carrington v. City of Des Moines, IA*, 481 F.3d 1046, 1051 (8th Cir. 2007) (*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)) (emphasis added).  The Court "has discretion to determine whether the parties have had adequate time for discovery." *Stanback v. Best Diversified Products, Inc.*, 180 F.3d 903, 910 (8th Cir. 1999).  "Although discovery does not have to be completed before a court can grant summary judgment, summary judgment is proper only after the nonmovant has had adequate time to engage in discovery." *Id.* at 911.  Thus, "the purpose of [Fed. R. Civ. P. 56(f)] is to provide an additional safeguard against an improvident or premature grant of summary judgment . . . and [the rule] should be applied with the spirit of liberality." *United States ex rel. Bernard v. Casino Magic Corp.*, 293 F.3d 419, 426 (8th Cir. 2002).

If a party opposes summary judgment based on inadequate opportunity to conduct discovery, the party must make a showing "that discovery has been inadequate." *Robinson v.*

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

*Terex Corp.*, 439 F.3d 465, 467 (8th Cir. 2006); Fed. R. Civ. P. 56(f). The Federal Rules require the nonmoving party to file an affidavit stating specific reasons why it "cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(f); *see also, Stanback,* 180 F.3d at 911; *Dulany v. Carnahan*, 132 F.3d 1234, 1238 (8th Cir. 1997). Thus, a party invoking Fed. R. Civ. P. 56(f) "must do so in good faith by affirmatively demonstrating . . . how postponement of a ruling on the motion will enable him to rebut the movant's showing of the absence of a genuine issue of material fact." *Janis v. Biesheuvel*, 428 F.3d 795, 801 (8th Cir. 2005) (*quoting Wilmar Poultry Co. v. Morton-Norwich Products, Inc.*, 520 F.2d 289, 297 (8th Cir. 1975)).

Plaintiff asserts that his ability to obtain discovery has been impeded by an ex parte order that was entered into in his criminal case on August 27, 2004. This order seals documents related to the investigation:

> Comes now the Circuit Court and hereby orders the City of St. Charles and the City of St. Charles Police Department not to release any form of documents, reports, memorandum, takes or any items related to this investigation absent court order to the subject of the investigation until all investigations are complete and there is a court order releasing them.

A court order releasing these documents has not yet been issued.

Plaintiff has submitted two affidavits[1] which demonstrate how postponement of a summary judgment ruling will enable him demonstrate the existence of a genuine issue of material fact. *See Janis*, 428 F.3d at 801; *Wilmar Poultry Co.*, 520 F.2d at 297. These affidavits state that Plaintiff is unable to recover information regarding polygraph tests and DNA testing results. Plaintiff asserts that he needs this information to respond to Defendant's Motion for Summary

---

[1] Defendant asserts that Plaintiff has not met the four prong test set forth in *Hudson River Sloop Clearwater, Inc. v. Dep't of the Navy*, 891 F.2d 414, 422 (2nd Cir. 1989). This argument is unpersuasive as the four prong test established in *Hudson River* has never been used by the Eighth Circuit.

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Judgment. Plaintiff's affidavits further state that he has requested these documents in writing, but has been denied access due to the August 27, 2004 order.

In addition to the two affidavits provided by Plaintiff, Plaintiff has also submitted a memorandum. This memorandum specifically details the information additional discovery could uncover, and how that discovery would demonstrate that Defendant is not protected by absolute immunity. Plaintiff has demonstrated a "good faith" effort in his affidavits and his memorandum, and has shown specific facts that a grant of continuance could unveil, along with demonstrating his efforts to obtain this information. *See Willmar Poultry*, 520 F.2d at 298; *Janis*, 428 F.3d at 801.

In addition to the necessity for discovery demonstrated in Plaintiff's affidavits and memorandum, consideration of the amount of time Plaintiff has had for discovery is relevant to the Court's decision. Plaintiff asserts that he did not have the opportunity to conduct discovery because his lawsuit was filed on October 22, 2007, and this Motion was filed just over a month later, on November 30, 2007. Case law is replete with court decisions declining to permit additional discovery, with rulings on pending summary judgment motions where discovery had already proceeded for a significant amount of time. *See, e.g., United States ex rel. Bernard*, 293 F.3d at 426-27 (discovery period exceeded two years); *Pony Computer, Inc. v. Equus Computer Sys. of Mo.*, 162 F.3d 991, 996-97 (8th Cir. 1998) (case management order allowed almost one year of discovery). In this case, Defendant filed her motion for summary judgment just one month after Plaintiff filed his petition. Since Defendant filed this Motion instead of an answer, the Court has not yet issued a case management order setting discovery deadlines. Given the order sealing documents in the criminal case, Plaintiff has simply not had sufficient time to engage in discovery that could assist him in his response to Defendant's motion for summary judgment.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Allowing Plaintiff time to conduct his requested discovery gives Plaintiff the opportunity to illicit the facts necessary for him to demonstrate a genuine issue of material fact regarding whether Defendant is entitled to absolute immunity. *Waible v. McDonald's Corp.*, 935 F.2d 924, 926 (8th Cir. 1991). Therefore, this Court denies Defendant's Motion for Summary Judgment and allows Plaintiff a continuance to pursue further discovery.

Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment [doc. #14] is **DENIED,** with leave to refile. Plaintiff is allowed to proceed with reasonable discovery in this case.

So Ordered this 14th day of April, 2008.

_E. Richard Webber_
E. RICHARD WEBBER
UNTIED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com