UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD B. FISCHER, | ) |
|     Plaintiff, | ) |
| vs. | ) Case No. 4:07CV01798 ERW |
| J. SAM STEWARD, et al., | ) |
|     Defendants. | ) |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on Plaintiff's Motion to Compel Deposition Answers [doc. # 61]. A hearing was held on May 15, 2009, and the Court heard arguments from the parties on the Motion.

Plaintiff was accused of committing a sexual assault while on duty as a police officer. Plaintiff was eventually exculpated, and he brought this lawsuit against several individuals and entities. The two Defendants that are at issue in the Motion pending before the Court are Defendant Smith, who was appointed Special Prosecutor in Plaintiff's criminal case, and Defendant Steward, who served as the lead investigator into the allegations against Plaintiff and testified before the grand jury. At their depositions, both Defendant Smith and Defendant Steward refused to answer questions related to the grand jury. In the pending Motion, Plaintiff's counsel asks that the Court compel Defendants to answer these questions.

At the hearing on this Motion, Plaintiff's counsel stated that he only sought a limited inquiry into what transpired before the grand jury. He said that he needed to ask Defendant Steward whether he brought the DNA test reports with him to the grand jury, whether he discussed the reports with Defendant Smith on that day, and whether he testified about the DNA reports before the grand jury. He said that if Defendant Steward didn't do any of those things, he

would like to ask him why he did not. He said that he would not inquire into what the grand jurors said or asked. Plaintiff's counsel stated that whether he needed to depose Defendant Smith about whether she saw these reports and how they were handled before the grand jury would depend on Defendant Steward's testimony.

The Court believes that the limited inquiry Plaintiff proposes is appropriate. Plaintiff stated that because the inquiry he seeks is limited, he only needs 45 minutes with each Defendant. The Court finds that granting Plaintiff's request is appropriate. *See United States v. Procter & Gamble*, 356 U.S. 677, 682-83 (1958) (particularized need justifies limited lifting of the secrecy of grand jury proceedings); *Mannon v. Frick*, 295 S.W.2d 158, 163-64 (Mo. 1956) (strict grand jury secrecy rules have been relaxed; broader disclosure of grand jury witness testimony is permitted). Additionally, because the discovery deadline in this action has already passed and the dispositive motion deadline is approaching, the Court will amend these deadlines. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Deposition Answers [doc. # 61] is **GRANTED.** Plaintiff may depose Defendant Steward and Defendant Smith for forty-five (45) minutes each, over the limited topics that were discussed at the hearing on this matter.

**IT IS FURTHER ORDERED** that all discovery shall be completed no later than June 5, 2009. Any dispositive motions shall be filed no later than June 15, 2009; a Response shall be filed within twenty (20) days; and any Reply shall be filed within five (5) days thereafter.

Dated this 21st Day of May, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE