UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD B. FISCHER, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:07CV01798 ERW |
| J. SAM STEWARD, et al., | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Leave to File First Amended Complaint [doc. #80] and Plaintiff's Motion to Extend Time for Responding to Motions to Dismiss and for Summary Judgment [doc. #82]. The Parties appeared before the Court on June 29, 2009 to address these Motions.

The Court must first determine whether Plaintiff should be permitted to amend his complaint, because if this amendment is allowed, the pending motions for summary judgment and motion to extend time must be denied as moot. When a plaintiff "seeks leave to amend its complaint after the deadline in the applicable case management order has passed, Federal Rule of Civil Procedure 16(b)'s good cause standard applies, not the standard of Rule 15(a)." *Travelers Indem. Co. of America v. Holtzman Properties, L.C.C.*, 2009 WL 485056, at *1 (E.D. Mo. Feb. 26, 2009). While Fed. R. Civ. P. 15(a) liberally permits amended pleadings "when justice so requires," Fed. R. Civ. P. 16 states that scheduling orders "shall not be modified except upon a showing of good cause." *Schenk v. Chavis*, 259 F.App'x 905, 907 (8th Cir. 2008) (citing Fed. R. Civ. P. 15(a) and 16). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006). "While the prejudice to the nonmovant resulting from modification of the scheduling order

may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008).

The facts of this case are unique. Discovery in this matter was delayed both due to a Circuit Court Order sealing documents and Defendants Steward and Smith's refusal to answer deposition questions related to the grand jury without a court order. As a result, discovery was not completed until June 2, 2009. Plaintiff asserts that he learned information in these depositions that led to the new claim he seeks to add. The Court agrees with Plaintiff that the unique facts of this case demonstrate the good cause that is required under Fed. R. Civ. P. 16.

As a result, the Court must consider the prejudice this amendment will cause to Defendants. Plaintiff seeks to amend his complaint to elaborate on the factual basis behind these claims, to bring these claims against Defendant Smith in her individual and official capacity, while she previously had only been sued in her official capacity, and to bring a claim under 42 U.S.C. § 1983 for a violation under the Fourteenth Amendment for failure of the prosecuting attorney to investigate and for his suspension from duty without pay prior to receiving notice and hearing.

Defendants assert, and the Court agrees, that the prejudice to Defendant Smith from allowing Plaintiff to sue her in her individual and official capacity is great. Plaintiff stated at the hearing that he would withdraw this amendment, and as a result, this issue is not before the Court. Therefore, the Court is primarily concerned with the prejudice Defendants will incur due to the addition of Defendant's claim for failure of the prosecuting attorney to investigate and for his suspension from duty without pay prior to receiving notice and hearing. The Court finds that any prejudice Defendants will incur will be limited because the amendment he seeks only changes the legal theory and does not actually state a new claim because Plaintiff is still seeking relief under 42

U.S.C. § 1983 for violations of his rights under the Fourteenth Amendment. It appears likely that no, or only minimal, additional discovery will be needed. The information related to this theory was available to Defendants throughout this litigation, and while it cannot be said that there is no surprise to Defendants, on balance, the Court believes justice requires amendment of the Complaint. As a result, the Court finds that Plaintiff shall be granted leave to submit an amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint [doc. #80] is **GRANTED.** Plaintiff shall submit an amended complaint in accordance with the limitation specified in this order by **Monday, July 6, 2009.** The Court acknowledges that the Parties may need additional time for discovery and preparing dispositive motions as a result of this amendment. As a result, the Parties are hereby ordered to submit a proposed joint scheduling plan by **Friday, July 10, 2009.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time for Responding to Motions to Dismiss and for Summary Judgment [doc. #82] is **DENIED, as moot.**

**IT IS FURTHER ORDERED** that St. Charles Defendants' Motion to Dismiss and for Summary Judgment [doc. #69] is **DENIED, as moot, with leave to refile.**

**IT IS FURTHER ORDERED** that Defendant Steward's Motion for Summary Judgment [doc. #72] is **DENIED, as moot, with leave to refile.**

**IT IS FURTHER ORDERED** that Defendant Smith's Motion for Summary Judgment [doc. #75] is **DENIED, as moot, with leave to refile.**

Dated this 29th Day of June, 2009.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE